ARASTO FARSAD (SBN: 273118)
NANCY WENG (SBN: 251215)
**FARSAD LAW OFFICE, P.C.**
1625 The Alameda, Suite 525
San Jose, CA 95126
Tel: 408-641-9966
Fax: 408-866-7334
Emails: farsadlaw1@gmail.com;
nancy@farsadlaw.com

Attorneys for Debtor/debtor in possession

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>MORDECHAI KOKA,<br><br>Debtor.<br><br>———————————————<br>DALE GARDNER, an individual; and MELISSA GARDNER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MORDECHAI KOKA, an individual, and GREEN BAY BUILDERS, INC. a California corporation,<br><br>Defendants. | Case No.: 20-50469<br>Chapter 11<br><br>Adversary No.: 20-05030<br><br>**DEFENDANT (MORDECHAI KOKA'S) ANSWER TO PLAINTIFFS' FIRST AMENDED ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTIONS 523(a)(2), (a)(4), and (a)(6); PROOF OF SERVICE**<br><br>**Judge: Honorable Stephen L. Johnson** |

COMES NOW Defendant, MORDECHAI KOKA, by and through his counsel, FARSAD LAW OFFICE, P.C., in submitting the instant answer to the FIRST AMENDED adversary complaint filed by Plaintiffs DALE GARDNER and MELISSA GARDNER in the above entitled action.

1

## ADMISSION AND DENIALS OF THE ALLEGATIONS

1. Defendant admits the allegation paragraph 1 of the Complaint.

2. Defendant admits the allegation in paragraph 2 of the Complaint.

3. Defendant admits the allegation in paragraph 3 of the Complaint.

4. Defendant can neither admit nor deny the allegation in paragraph 4 of the Complaint.

5. Defendant admits the allegation in paragraph 5 of the Complaint.

6. Defendant admits the allegation in paragraph 6 of the Complaint.

7. Defendant lacks sufficient information to admit or deny and therefore denies the allegation in paragraph 7 of the Complaint.

8. Defendant admits the allegation in paragraph 8 of the Complaint.

9. Defendant denies the allegation in paragraph 9 of the Complaint to the extent that Green Bay Builders, Inc. only operated in Santa Clara County.

10. Defendant denies the allegation in paragraph 10 of the Complaint.

11. Defendant denies the allegation in paragraph 11 of the Complaint.

12. Defendant denies the allegation in paragraph 12 of the Complaint.

13. Defendant can neither admit nor deny the allegation in paragraph 13 of the Complaint

14. Defendant can neither admit nor deny the allegation in paragraph 14 of the Complaint.

15. Defendant can neither admit nor deny the allegation in paragraph 15 of the Complaint.

16. Defendant can neither admit nor deny the allegation in paragraph 16 of the Complaint.

17. Defendant can neither admit nor deny the allegation in paragraph 17 of the Complaint.

18. Defendant denies the allegation in paragraph 18 of the Complaint.

19. Defendant can neither admit nor deny the allegation in paragraph 19 of the Complaint.

20. Defendant denies the allegation in paragraph 20 of the Complaint.

21. Defendant can neither admit nor deny the allegation in paragraph 21 of the Complaint.

22. Defendant denies the allegation in paragraph 22 of the Complaint.

### FIRST CLAIM FOR RELIEF
### [Dischargeability of Debt -- Fraud]
### [11 U.S.C. Section 523(a)(2)]

23. Defendant denies the allegation in paragraph 23 of the Complaint.

24. Defendant denies the allegation in paragraph 24 of the Complaint.

25. Defendant denies the allegation in paragraph 25 of the Complaint.

26. Defendant denies the allegation in paragraph 26 of the Complaint.

27. Defendant denies the allegation in paragraph 27 of the Complaint.

28. Defendant denies the allegation in paragraph 28 of the Complaint.

29. Defendant denies the allegation in paragraph 29 of the Complaint.

30. Defendant denies the allegation in paragraph 30 of the Complaint.

31. Defendant denies the allegation in paragraph 31 of the Complaint.

### SECOND CLAIM FOR RELIEF
### [Dischargeability of Debt -- Embezzlement]
### [11 U.S.C. Section 523(a)(4)]

32. Defendant denies the allegation in paragraph 32 of the Complaint.

33. Defendant denies the allegation in paragraph 33 of the Complaint.

34. Defendant denies the allegation in paragraph 34 of the Complaint.

35. Defendant denies the allegation in paragraph 35 of the Complaint.

36. Defendant denies the allegation in paragraph 36 of the Complaint.

## THIRD CLAIM FOR RELIEF
### [Dischargeability of Debt -- Willful and Malicious Injury]
### [11 U.S.C. Section 523(a)(2)]

37. Defendant denies the allegation in paragraph 37 of the Complaint.

38. Defendant denies the allegation in paragraph 38 of the Complaint.

39. Defendant denies the allegation in paragraph 39 of the Complaint.

40. Defendant denies the allegation in paragraph 40 of the Complaint.

41. Defendant denies the allegation in paragraph 41 of the Complaint.

42. Defendant denies the allegation in paragraph 42 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### [Dischargeability of Debt -- Willful and Malicious Injury]
### [11 U.S.C. Section 523(a)(2)]

43. Defendant denies the allegation in paragraph 43 of the Complaint.

44. Defendant denies the allegation in paragraph 44 of the Complaint.

45. Defendant denies the allegation in paragraph 45 of the Complaint.

46. Defendant denies the allegation in paragraph 46 of the Complaint.

47. Defendant denies the allegation in paragraph 47 of the Complaint.

48. Defendant denies the allegation in paragraph 48 of the Complaint.

49. Defendant denies the allegation in paragraph 49 of the Complaint.

50. Defendant denies the allegation in paragraph 50 of the Complaint.

51. Defendant denies the allegation in paragraph 51 of the Complaint.

52. Defendant denies the allegation in paragraph 52 of the Complaint.

53. Defendant denies the allegation in paragraph 53 of the Complaint.

54. Defendant denies the allegation in paragraph 54 of the Complaint.

55. Defendant denies the allegation in paragraph 55 of the Complaint.

### FIFTH CLAIM FOR RELIEF
### [Violation of Penal Code Section 496]

56. Defendant denies the allegation in paragraph 56 of the Complaint.

57. Defendant denies the allegation in paragraph 57 of the Complaint.

58. Defendant denies the allegation in paragraph 58 of the Complaint.

59. Defendant denies the allegation in paragraph 59 of the Complaint.

60. Defendant denies the allegation in paragraph 60 of the Complaint.

NOW COMES Defendant, MORDECHAI KOKA, answering the Complaint of Plaintiffs DALE and MELISSA GARDNER, as filed with the above-entitled Court and stating her affirmative defenses which are now know.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Complaint, and each and every cause of action contained in it, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that some or all of Plaintiffs' causes of action are barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that Plaintiffs have waived any and all claims it has or may have against Defendant answering herein.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that Plaintiffs, and the causes of action set forth therein, are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE
### (Liability of Third Parties)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the damages suffered by Plaintiffs, if any, were proximately caused or contributed to by the acts or omissions of other third parties and not by the wrongful conduct of Defendant. Should Plaintiffs recover any sum herein, such amount(s) should be reduced in proportion to the extent that the negligence, or other legal fault of other third parties, proximately caused or contributed to Plaintiffs' damages, if any.

## SIXTH AFFIRMATIVE DEFENSE
### (Release)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Complaint is barred by Plaintiffs' release of Defendant from and against any and all claims, actions, causes of action, liabilities, liens, demands, obligations, losses, fees, costs or expenses of any kind arising from the subject matter underlying Plaintiffs' claims against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Subject Matter Jurisdiction)

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the instant Court **may** lack subject matter jurisdiction over this case following the decisions of Stern v. Marshal, 131 S. Ct. 2594 (2011) and Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.), 134 S. Ct. 2165 (2014).[1]

## EIGHTH AFFIRMATIVE DEFENSE

---

[1] The bankruptcy court's jurisdiction over core proceedings has been curbed by Supreme Court cases such as Stern v. Marshal, 131 S. Ct. 2594 (2011) and Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.), 134 S. Ct. 2165 (2014). Those cases have become an extension of an earlier line of cases that have shaped bankruptcy court jurisdiction, including Katchen v. Landy, 382 U.S. 3223 (1965), Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982), Granfinanciera v. Nordberg, 492 U.S. 33 (1989), and Langenkamp v. Culp, 498 U.S. 42 (1990). In short, the Supreme Court has ruled that, even if a bankruptcy court may have statutory authority under 28 U.S.C. § 157 to finally resolve proceedings identified by that statute as core, the bankruptcy court does not necessarily have constitutional authority to resolve such proceedings. Specifically, the Supreme Court has ruled that the bankruptcy court **does not** have constitutional authority to finally resolve (i.e., enter final judgments) in fraudulent conveyance actions, even though such actions are on the list of core proceedings in 28 U.S.C. § 157(b)(2). Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency, Inc.), 134 S. Ct. 2165 (2014).

**(Reservation of Rights)**

As a separate and distinct affirmative defense to the Complaint, Defendant alleges on information and belief that the Complaint is stated in conclusory terms and therefore Defendant cannot fully anticipate all affirmative defenses that may be applicable in this section. Accordingly, Defendant reserves the right to add additional affirmative defenses if, and to the extent, such affirmative defenses are applicable in this section.

## **PRAYER**

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

a) That Plaintiffs take nothing by way of their action;

b) That Defendant be dismissed from this action;

c) That Defendant be awarded the costs and reasonable attorney's fees incurred in this matter; and

d) For such other and further relief as the Court deems just and proper.


Respectfully submitted,

Executed on July 20, 2020 at San Jose, California

/s/ *Arasto Farsad*
Arasto Farsad
Attorneys for Defendant / Debtor
MORDECHAI KOKA

# PROOF OF SERVICE

I am at least 18 years of age and **not** a party to the within action; my business address is FARSAD LAW OFFICE, P.C., 1625 The Alameda, Suite 525, San Jose, CA 95126. On **July 20, 2020,** I served the interested parties as discussed below with the following documents / pleadings:

1. **DEFENDANT (MORDECHAI KOKA'S) ANSWER TO PLAINTIFFS' FIRST AMENDED ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTIONS 523(a)(2), (a)(4), and (a)(6); PROOF OF SERVICE**

BY **FIRST CLASS** USPS: By placing a true copy thereof enclosed in a sealed envelope with postage prepaid addressed to the addressee listed below. The envelope was deposited with the United States Post Office in San Jose, California.

| | |
|---|---|
| **LAW OFFICES OF CRAIG V. WINSLOW** <br> CRAIG V. WINSLOW, Cal. Bar No. 73196 <br> 630 N. San Mateo Drive <br> San Mateo, California 94401 | **MEYER LAW GROUP LLP** <br> A Limited Liability Partnership <br> BRENT D. MEYER, Cal. Bar No. 266152 <br> 268 Bush Street #3639 <br> San Francisco, California 94104 |

**BY NOTICE OF ELECTRONIC FILING:** I caused to be served the above-described document(s) by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the following parties and/or counsel who are registered ECF users: **All CM / ECF Registrants.**

I declare under penalty of perjury that the above statements are true and accurate. Executed on **July 20, 2020**, in **San Jose**, California.

FARSAD LAW OFFICE, P.C.

*/s/ Arasto Farsad*
Arasto Farsad, Esq.
Attorneys for Debtor