**LAW OFFICES OF CRAIG V. WINSLOW**
CRAIG V. WINSLOW, Cal. Bar No. 73196
630 N. San Mateo Drive
San Mateo, California 94401
Telephone:   (650) 347-5445
Facsimile:    (650) 347-4411
Email:          craig@cvwlaw.com

**MEYER LAW GROUP LLP**
  A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone:   (415) 765-1588
Facsimile:    (415) 762-5277
Email:          brent@meyerllp.com

Attorney for Plaintiffs
DALE GARDNER and
MELISSA GARDNER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>MORDECHAI KOKA,<br><br>    Debtor. | BK Case No.: 20-50469-SLJ<br><br>Chapter 11 |
| DALE GARDNER, an individual; and<br>MELISSA GARDNER, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>MORDECHAI KOKA, an individual, and<br>GREEN BAY BUILDERS, INC., a | AP Case No.: 20-5030-SLJ<br><br>**PLAINTIFFS' INITIAL STATUS CONFERENCE STATEMENT**<br><br>Date:        August 27, 2020<br>Time:       1:30 p.m.<br>Location:  Telephonically/Videoconference[1]<br>Judge:     Honorable Stephen L. Johnson |

---

[1] Paragraph 8 of *General Order 38 (Third Amended)* provides that "[u]nless otherwise ordered by the presiding judge, all notices of any motion or application filed with the court and served on any party which sets a hearing date for the motion or application must state that the hearing will not be conducted in the presiding judge's



- 1 -
AP CASE NO. 20-5030-SLJ
PLAINTIFFS' INITIAL STATUS CONFERENCE STATEMENT

California corporation,

        Defendants.

Plaintiffs DALE GARDNER and MELISSA GARDENER (collectively, "Plaintiffs") hereby file this *Status Conference Statement* in the above-captioned Adversary Proceeding.

**I.    STATUS OF THE ADVERSARY PROCEEDING**

On July 20, 2020, defendant MORDECHAI KOKA ("Defendant") filed an *Answer* [Dkt. No. 9] to the *First Amended Complaint* [Dkt. No. 7].

However, defendant GREEN BAY BUILDERS, INC. ("GBBI") did not timely file a responsive pleading to the *First Amended Complaint*, and on July 22, 2020, the Clerk of the Court entered a default as to GBBI. As such, as of the date of this Status Conference Statement, the Adversary Proceeding is at issue.

**II.    RULE 26 DISCOVERY CONFERENCE AND INITIAL DISCLOSURES**

On August 7, 2020, Plaintiffs and Defendant held a Rule 26 Discovery Conference, and thereafter, Plaintiffs proposed the following discovery plan, which appears agreeable to Defendant:

| | |
|---|---|
| Written Discovery Deadline: | March 5, 2021 |
| Deposition Deadline: | April 6, 2021 |
| Expert Disclosures: | June 4, 2021 |
| Trial Date: | Week of July 12, 2021 (or later) |

All other dates not specifically identified above, should be the default deadlines set forth in the Court's standard-form *Scheduling Order* for Adversary Proceedings.

On or before August 21, 2020, Plaintiffs will serve upon Defendants their *Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)* in this matter.

---

courtroom but instead will be conducted by telephone or video, and include the following language: 'All interested parties should consult the Bankruptcy Court's website at www.canb.uscourts.gov for information about court operations during the COVID-19 pandemic. The Bankruptcy Court's website provides information regarding how to arrange a telephonic or video appearance. If you have any questions regarding how to appear at a court hearing, you may contact the Bankruptcy Court by calling 888-821-7606 or by using the Live Chat feature on the Bankruptcy Court's website.'" See https://www.canb.uscourts.gov/sites/default/files/general-orders/ThirdAmendedGeneral Order38%20SJ%20hours%20Change%206%2015%202020.pdf

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

## III. ALTERNATIVE DISPUTE RESOLUTION

At the Rule 26 Discovery Conference, Plaintiffs indicated a strong preference to attempt to resolve all claims set forth in this Adversary Proceeding through any acceptable form of Alternative Dispute Resolution, including but not limited to, the Bankruptcy Dispute Resolution Program (BDRP), Judicial Mediation (if available), and/or private mediation. Counsel for Defendant was going to discuss acceptable forms of Alternative Dispute Resolution with their client, along with material terms of potential settlement offers, but as of the date of this Status Conference Statement, has not advised Plaintiffs regarding either matter.

To the extent that the parties cannot informally settle this matter prior to the *Initial Status Conference* (August 27, 2020), then Plaintiffs would request that the Court enter an order requiring the parties to attend a mutually acceptable form of Alternative Dispute Resolution.

Dated: August 19, 2020

**MEYER LAW GROUP LLP**

By: /s/ BRENT D. MEYER
　　Brent D. Meyer, Esq.
　　Attorneys for Plaintiffs
　　DALE GARDNER and MELISSA GARDNER

MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com